RYAN, Circuit Judge,
concurring.
In my view we are not without jurisdiction to consider and reject the defendant’s appeal. See United States v. Dillard, 438 F.3d 675, 684-85 (6th Cir.), cert. denied, — U.S. -, 127 S.Ct. 291, 166 L.Ed.2d 222 (2006). The defendant cannot divest this court of its ordinary appellate jurisdiction simply by waiving his right to appeal his case. Indeed, we are exercising our jurisdiction when we issue a judgment of dismissal on the ground that we decline to entertain the defendant’s appeal on the merits, given his written waiver. United States v. Caruthers, 458 F.3d 459, 472 n. 6 (6th Cir.), cert. denied, — U.S.—, 127 S.Ct. 752, 166 L.Ed.2d 582 (2006).
In my opinion it is not a matter of mere semantics: to lack the authority (jurisdiction) to hear Keesee’s appeal is one thing, but to decline to exercise the full range of that authority (jurisdiction), as a matter of judicial policy, which is what we are doing here, is quite another. That said, I CONCUR in the court’s judgment of dismissal.